IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LISA DIAZ,<br>　　　　Plaintiff<br><br>v.<br><br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>　　　　Defendant | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO.<br>§　　5:19-cv-275<br>§<br>§<br>§<br>§ |

## Plaintiff's Original Complaint

Liberty Life Assurance Company of Boston wrongfully terminated Lisa Diaz's long-term disability benefits.

### I. Parties

1. Plaintiff Lisa Diaz is a resident of San Antonio, Bexar County, Texas.

2. Defendant Liberty is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. Jurisdiction and Venue

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").  Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Diaz at her home in San Antonio, Texas.

### III.   STATEMENT OF FACTS

4.   Lisa Diaz worked as an advocacy specialist for USAA.  Her job required her to respond to complicated complaints from USAA customers as well as inquiries or complaints from regulatory authorities.  This required her to communicate frequently and effectively with upper management, the complainants, and regulatory personnel.

5.  As a result of chronic pain and fatigue caused by fibromyalgia, chronic pain caused by degenerative disc disease, severe depression, and recurring migraines she was unable to work as of April 28, 2017.

6.  By virtue of her employment with USAA, Diaz had short-term disability (STD) and long-term disability (LTD) coverage.  The LTD coverage is an employer-sponsored group benefit plan administered and underwritten by Liberty.

7.  Diaz's first day of absence due to disability was April 28, 2017.  Due to her impairing conditions, Diaz was promptly approved for STD benefits, which were paid for the maximum period of 180 days, from April 28, 2017 until October 25, 2017.  Under the benefit plan, if a claimant is unable to return to work after STD benefits have expired, the claimant transitions to LTD benefits.

8. Since Diaz's condition did not improve, after reviewing the medical and vocational information in its claim file Liberty approved Diaz for LTD benefits beginning October 25, 2017.  However, even though Diaz's condition did not improve in 2018, Liberty terminated Diaz's LTD benefits as of November 15, 2018.  Liberty sent Diaz a letter dated November 15, 2018, notifying her that her claim for continued LTD benefits was denied.

9. Diaz timely appealed Liberty's denial.  With her appeal she submitted additional medical information that indicated that she remained disabled.  Her treating psychiatrist concluded that Diaz would be unable to return to work as of November 15, 2018 and thereafter because her physical pain and lack of endurance would impede her concentration sufficiently to prevent her from fulfilling her demanding job responsibilities on a regular basis.  Her pain management physician concluded that Diaz was unable to return to work as of November 15, 2018 and thereafter due to severe intractable migraines and cervical spine degeneration and arthritis.

10. Despite the medical evidence of her continued disability, Liberty denied her appeal by letter dated February 14, 2019, indicating that she was capable of returning to her occupation as advocacy specialist as of November 15, 2018.  In its letter, Liberty advised that Diaz had exhausted her right to an administrative review and no further reviews would be considered.

**Exhaustion of Appeal Requirements**

11.  Diaz exhausted her appeal rights as required by the policy and ERISA claims regulations.

**Liberty's Decision Was Contrary to a Preponderance of the Evidence, or, in the Alternative, Was an Abuse of Discretion**

12. If the standard of review of Liberty's decision is determined to be de novo, the default standard of review for ERISA benefit denials, then Liberty's decision to terminate Diaz's LTD benefits was contrary to the preponderance of the evidence.  If Liberty is found to have been granted proper discretionary authority by the group policy or other plan documents that allows for an abuse of discretion standard of review, Liberty's decision to terminate Diaz's LTD benefits was an abuse of that discretion.

13.  In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant Liberty discretion, such discretionary language is unenforceable as to Diaz's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas.  Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203.  This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

14.  Diaz's LTD benefits should have continued after November 15, 2018.  The LTD plan entitles her to 60% of her pre-disability earnings.  Diaz earned

4

approximately $5767 per month prior to her disability.  Her gross LTD benefit is $3460.20 per month ($5767 x .6).

15.  Since Liberty's decision to terminate Diaz's LTD benefits resulted in Liberty saving money, as the carrier was both the decision-maker and the underwriter of benefits, Liberty acted under a conflict of interest when it decided Diaz's claim and her appeal.  If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Liberty abused its discretion.

### IV.  CAUSE OF ACTION UNDER ERISA

**Claim for Disability Benefits**

16.  Diaz seeks to recover her disability benefits from November 15, 2018 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

### V.  RELIEF REQUESTED

17. Diaz is entitled to LTD benefits in the amount of $3460.20 per month beginning November 15, 2018.   As of July 15, 2019, Diaz is entitled to the sum of $27,681.60 in back benefits ($3460.20 x 8 months).  Diaz requests these back benefits as well as additional monthly benefits that accrue after July 15, 2019 but during the pendency of this litigation at the rate of $3460.20 per month.

### VI. ATTORNEY'S FEES

18.  Diaz requests her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Diaz requests back benefits in the amount of $27,681.60 plus monthly disability benefits that accrue after July 15, 2019 but while this case is pending at the rate of $3460.20 per month. She also requests her attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Lisa Diaz**