UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Lisa Diaz, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | NO: SA:19-CV-00275-DAE |
| | § | |
| Liberty Life Assurance Company Of Boston, | § | |
| | § | |
| | § | |
| Defendants. | | |

SCHEDULING ORDER

The scheduling recommendations provided by the parties on June 19, 2019 (Dkt no. 5) are adopted by the Court. Therefore, the following dates are entered to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **September 2, 2019.**

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **September 2, 2019**, and each opposing party shall respond, in writing, by **September 30, 2019.**

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **October 1, 2019**.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **September 2, 2019**. Parties resisting claims for relief shall file their designation testifying experts and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **October 16, 2019.** All designations of rebuttal experts shall be designated within fourteen (14) days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony or within 30 days of the expert's deposition, whichever is later.

6. The parties agree that this case is governed by the Employee Retirement Income Security Act of 1974 (ERISA). The proposed administrative record shall be submitted by Defendant to Plaintiff on or before August 19, 2019.

7. Plaintiff shall have until August 30, 2019 to supplement the record by agreement or file objections to the record as proposed by Defendant.

8. The parties shall complete all discovery on or before **November 15, 2019**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

9. All dispositive motions shall be filed no later than **December 16, 2019**. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e). **If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.**

10. If required, a hearing on dispositive motions will be set by the Court for a date after the deadline for responses and replies.

11. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

IT IS SO ORDERED.

DATED: San Antonio, Texas, June 25, 2019.



DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE